IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANNY GOLDSCHMIDT <br> 2100 Linwood Avenue #11H <br> Fort Lee, NJ 07024 <br><br> Plaintiff, <br><br> v. <br><br> MADISON SQUARE GARDEN <br> ENTERTAINMENT CORP. <br> 2 Pennsylvania Plaza <br> New York, NY 10121 <br><br> Defendant. <br><br> *Serve on*: <br><br> Corporation Service Company <br> 80 State Street <br> Albany, NY 12207 | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRELIMINARY STATEMENT**

1. Plaintiff DANNY GOLDSCHMIDT ("Goldschmidt") is deaf and communicates in American Sign Language. Sign language interpreters are necessary for Goldschmidt to have full and equal access to theater performances. Defendant Madison Square Garden Entertainment Corp. ("MSG Entertainment") operates Radio City Music Hall and produces the Rockettes Christmas Spectacular at Radio City Music Hall. The Christmas Spectacular is an annual holiday show featuring the Rockettes and has been a fundamental part of the Christmas experience for the last ninety years. Although MSG Entertainment advertises on a website that it provides access to "ensure that everyone comes away with the same unforgettable memories", MSG Entertainment refused Goldschmidt's requests for sign language interpreters for

performances that he is able to attend. As a result of MSG Entertainment's refusal to provide qualified sign language interpreters upon request, Goldschmidt does not have an opportunity equal to that of individuals without hearing disabilities to enjoy Defendant's theater performances. Defendant's conduct violates Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and the New York City Human Rights Law, Administrative Code of City of N.Y. § 8-107. Goldschmidt brings this Complaint to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal access, and an equal opportunity to participate in and benefit from Defendant's events that are open to the public, including the Christmas Spectacular. Goldschmidt seeks declaratory and injunctive relief as well as damages, interest, and reasonable attorneys' fees, and costs.

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (i) Defendant resides in the District; (ii) Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced; and (iii) the acts and omissions giving rise to this Complaint occurred and will continue to occur within this District.

## PARTIES

4. Danny Goldschmidt resides at 2100 Linwood Avenue #11H, Fort Lee, NJ 07024.

5. MSG Entertainment Corp. owns and operates Radio City Music Hall and multiple other venues including Madison Square Garden, the Theater at Madison Square Garden, the Beacon Theater and the Chicago Theater. MSG Entertainment Corp. also produces the

Christmas Spectacular at Radio City Music Hall featuring the Radio City Rockettes. Defendant is located at 2 Pennsylvania Plaza, New York, NY 10121. Defendant's service agent is Corporation Service Company at 80 State Street, Albany, NY 12207.

6. Defendant is a place of public accommodation insofar as it offers cultural and theatrical programming to the public at its venues, and therefore Defendant is subject to Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law.

## FACTUAL ALLEGATIONS

7. Goldschmidt is substantially limited in the major life activities of hearing and speaking.

8. Goldschmidt's primary means of communication is American Sign Language.

9. Goldschmidt is not fluent in English and an interpreter is necessary to communicate effectively when there is more than simple communication involved with a person who does not know sign language.

10. Goldschmidt has often seen advertisements for the Christmas Spectacular at Radio City Music Hall and has always wanted to experience what he views as a quintessential New York Christmas tradition.

11. Because Goldschmidt is deaf, qualified sign language interpreters are necessary for Goldschmidt to understand and have full and equal access to theater performances.

12. On multiple occasions, Goldschmidt has contacted Defendant to request qualified sign language interpreters to see the Rockettes' show at Radio City Music Hall.

13. Defendant has indicated that it offers interpreters only on select dates such that Goldschmidt has a significantly limited option of dates and times to choose from when compared to the general public.

14. For instance, on or about October 27, 2023, Goldschmidt contacted Defendant to request interpreters for a Christmas Spectacular performance on Friday, December 8, 2023, at 4 pm or at 7 pm.

15. In response, Defendant stated that it offers interpreters for only select Christmas Spectacular performances, and that it would not provide interpreters for the requested performances on Friday, December 8, 2023.

16. For the period November-December 2023, Defendant offers interpreters for only three Christmas Spectacular performances, while hearing individuals are able to select from dozens of dates/times in deciding when to attend a performance.

17. Goldschmidt is not able to attend the Christmas Spectacular on any of the three dates/times when Defendant claims it provides interpreters.

18. Defendant has refused to provide qualified interpreters for any other performance, depriving Goldschmidt of an opportunity equal to that of hearing individuals to select from available dates/times in deciding when to see the show in accessible format.

19. As a result of Defendant's failure to provide qualified interpreters for events upon request, Goldschmidt is and continues to be deprived of an opportunity equal to that of other patrons to the full and equal enjoyment of Defendant's events.

20. Upon information and belief, Defendant maintains a policy and practice of utilizing facial recognition technology to ban from all its venues any individual who asserts their rights in a court of law, such that by filing this lawsuit to gain access to the Christmas

Spectacular, Goldschmidt and his associates will be banned in perpetuity from all of Defendant's venues and programming. This intentional conduct is intended to intimidate individuals from asserting their legally protected rights.

21. Goldschmidt wants to experience the Christmas Spectacular and to access Defendant's programs and activities and will do so if Defendant provides communications access and Defendant is further restrained from enforcing its retaliatory policy of barring individuals who file suit against Defendant.

**COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

22. Goldschmidt repeats and realleges all paragraphs in support of this claim.

23. Goldschmidt is substantially limited in the major life activity of hearing, and is therefore an individual with a disability. 42 U.S.C. § 12102; 28 C.F.R. § 36.105.

24. Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(C), (D).

25. Title III of the ADA prohibits discrimination on the basis of disability in "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations . . . ." 42 U.S.C. § 12182(a).

26. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer an unequal or separate benefit to individuals with disabilities. A public accommodation is required to administer its programs and activities in the most integrated setting appropriate to meet the needs of qualified individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A), (B); 28 C.F.R. §§ 36.202, 36.203.

27. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation must make reasonable modifications to its policies, practices, or procedures,

when necessary to ensure full and equal access for people with disabilities unless doing so would result in fundamental alteration. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

28. Pursuant to Title III of the ADA, discrimination includes the "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate" fundamental alteration or undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

29. Pursuant to Title III implementing regulations, a covered entity "shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

30. "Auxiliary aids and services" is defined to include qualified interpreters. 42 U.S.C. § 12103(1)(A); 28 C.F.R. § 36.303(b)(1).

31. Pursuant to 42 U.S.C. § 12203(a), a public accommodation shall not retaliate against any individual "because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the ADA.

32. Pursuant to 42 U.S.C. § 12203(b), "It shall be unlawful to coerce, threaten, intimidate, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by" the ADA.

33. Defendant has and continues to discriminate against Goldschmidt on the basis of disability by denying his full and equal participation in the services, programs, and benefits Defendant offers to other individuals, and by refusing to provide qualified interpreters upon request or reasonably modify its policies, practices, or procedures to ensure that individuals who

are deaf or hard of hearing have an opportunity equal to that of hearing individuals to enjoy Defendant's performances.

34. Defendant's policy and practice of utilizing facial recognition technology to ban from all its venues any individual who asserts their rights or assists another in asserting their rights against it in a court of law is unlawful intimidation and retaliation on the basis of disability.

35. Goldschmidt has been and continues to be harmed as the result of Defendant's discrimination and has suffered humiliation, embarrassment and exclusion from a cultural experience open to others.

## COUNT II: NEW YORK STATE HUMAN RIGHTS LAW

36. Goldschmidt repeats and realleges all paragraphs in support of this claim.

37. Goldschmidt is an individual with a disability because he is deaf and substantially limited in the major life activities of hearing and speaking. N.Y. Exec. Law § 292(21).

38. Defendant is a place of public accommodation subject to the New York State Human Rights Law. N.Y. Exec. Law § 292(9).

39. The New York State Human Rights Law prohibits places of public accommodation from refusing, withholding from, or denying a person its accommodations, advantages, facilities or privileges thereof because the person has a disability. N.Y. Exec. Law § 296(2)(a).

40. The New York State Human Rights Law defines discrimination to include the "refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless [the defendant] can demonstrate that taking such steps" would result in fundamental alteration or

undue burden. N.Y. Exec. Law § 296(2)(c)(ii). Auxiliary aids and services are defined to include "qualified interpreters". N.Y. Exec. Law § 296(2)(d)(ii).

41. The New York State Human Rights Law defines discrimination to include the "refusal to make reasonable modifications to policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities, unless [the defendant] can demonstrate that making such modifications" would result in fundamental alteration. N.Y. Exec. Law § 296(2)(c)(i).

42. The New York State Human Rights Law states that it is an "unlawful discriminatory practice for any person" to "retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding" pursuant to the New York State Human Rights Law. N.Y. Exec. Law § 296(7).

43. Defendant has and continues to discriminate against Goldschmidt on the basis of disability by denying his full and equal participation in the services, programs, and benefits Defendant offers to other individuals, and by refusing to provide qualified interpreters upon request or reasonably modify its policies, practices, or procedures to ensure that individuals who are deaf or hard of hearing have an opportunity equal to that of hearing individuals to enjoy Defendant's performances.

44. Defendant's policy and practice of utilizing facial recognition technology to ban from all its venues any individual who asserts their rights or assists another in asserting their rights against it in a court of law is unlawful intimidation and retaliation on the basis of disability.

45. Goldschmidt was harmed and continues to be harmed by Defendant's discrimination and has suffered humiliation and embarrassment as the result of his exclusion from a cultural experience open to others.

## COUNT III: NEW YORK CITY HUMAN RIGHTS LAW

46. Goldschmidt repeats and realleges all paragraphs in support of this claim.

47. Goldschmidt is an individual with a disability because he is deaf and substantially limited in the major life activities of hearing and speaking. Administrative Code of City of N.Y. § 8-102 (defining "disability").

48. Defendant is a place of public accommodation located in New York City. Administrative Code of City of N.Y. § 8-102 (defining "place or provider of public accommodation").

49. The New York City Human Rights Law prohibits places of public accommodation from refusing, withholding from, or denying a person its accommodations, advantages, facilities or privileges thereof because the person has a disability. Administrative Code of City of N.Y. § 8-107(4)(a)(1).

50. The New York City Human Rights Law states that it is an "unlawful discriminatory practice for any person" to discriminate on the basis of disability by refusing "to provide a "reasonable accommodation to enable a person with a disability . . . to enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." Administrative Code of City of N.Y. § 8-107(15).

51. The New York City Human Rights Law states that it is an "unlawful discriminatory practice for any person" to "retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a

complaint, testified or assisted in any proceeding [pursuant to the New York City Human Rights Law], (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under [the New York City Human Rights Law], (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, [or] (v) requested a reasonable accommodation under [the New York City Human Rights Law] . . . ." Administrative Code of City of N.Y. § 8-107(7).

52. It is also an "unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise of enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to" the New York City Human Rights Law. Administrative Code of City of N.Y. § 8-107(19).

53. Defendant has and continues to discriminate against Goldschmidt on the basis of disability by denying his full and equal participation in the services, programs, and benefits Defendant offers to other individuals, and by refusing to provide qualified interpreters upon request or reasonably modify its policies, practices, or procedures to ensure that individuals who are deaf or hard of hearing have an opportunity equal to that of hearing individuals to enjoy Defendant's performances.

54. Defendant's policy and practice of utilizing facial recognition technology to ban from all its venues any individual who asserts their rights or assists another in asserting their rights against it in a court of law is unlawful intimidation and retaliation on the basis of disability.

55. Goldschmidt was harmed and continues to be harmed by Defendant's discrimination and has suffered humiliation and embarrassment as the result of his exclusion from a cultural experience open to others.

56. Defendant engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

**RELIEF**

WHEREFORE, Plaintiff Danny Goldschmidt respectfully requests that this Court provide the following relief:

(a) Issue a declaration that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination and intimidation in violation of Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law;

(b) Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf, such as Goldschmidt, full and equal enjoyment and meaningful access to and an equal opportunity to participate in and benefit from Defendant's programs, activities, and services regardless of disability;

(c) Enjoin Defendant from prohibiting Goldschmidt and/or his associates from its venues;

(d) Order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Goldschmidt and other similarly situated individuals who are deaf;

(e) Order Defendant to provide qualified interpreters on request to ensure effective communication with Goldschmidt during theater performances and all other programming open to the public;

(f) Order Defendant to train all representatives and employees about Goldschmidt's rights and the rights of individuals who are deaf, as well as provide training on Defendant's policies and procedures;

(g) Order Defendant to list on its website(s) Defendant's procedures and policies for complying with the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law;

(h) Award statutory and/or compensatory damages to Goldschmidt for past, present, and future mental suffering, embarrassment, humiliation, and emotional distress, and other special and general damages according to proof;

(i) Award punitive damages to Goldschmidt;

(j) Award to Goldschmidt any other monetary damages, including but not limited to, nominal damages;

(k) Award reasonable costs and attorneys' fees;

(l) Award interest, including prejudgment interest, at a legal rate;

(m) Award any and all other relief that this Court finds necessary and appropriate.

DATED: November 9, 2023

                                                      Respectfully submitted,

                                                     <u>/s/ Mary C. Vargas</u>
                                                     Mary C. Vargas, Bar ID #MV9147
                                                     Michael Steven Stein
                                                     STEIN & VARGAS, LLP
                                                     10 G Street NE, Suite 600
                                                     Washington, DC 20002

T: (240) 793-3185  
F: (888) 778-4620  
mary.vargas@steinvargas.com  
michael.stein@steinvargas.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff Danny Goldschmidt, through his undersigned attorneys, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

/s/ Mary C. Vargas
Mary C. Vargas